IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RACHEL POTTER | § § § | |
| vs. | § § | CASE NO. 6:22-cv-452-JCB-KNM |
| LUKE RACHEL, *et al*. | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rachel Potter initiated the above-styled lawsuit seeking relief pursuant to 42 U.S.C. § 1983. The case is referred to the undersigned pursuant to 28 U.S.C. § 636. Before the Court is Defendants' Motion to Dismiss, Alternative Motion for Rule 7(a) Reply (ECF 11). Having reviewed and considered the motion and response, the Court recommends that the motion be **DENIED**.

### Background

Plaintiff initiated this lawsuit on December 1, 2022 against Defendants Luke Rachel, Matthew Reschke and Jeromey Rose. Plaintiff states that Defendants are deputies with the Henderson County Sheriff's Department. She asserts excessive use of force claims pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that Defendants were dispatched to her boyfriend's residence on December 4, 2020 in response to a verbal dispute between Plaintiff and her boyfriend. When Defendants arrived, Plaintiff asserts that she was using the bathroom in a workshop located fifty yards from the residence. Plaintiff submits that there was no yelling, screaming or loud talking occurring when Defendants arrived. She alleges that one of the defendants approached the workshop, entered without probable cause, banged on the bathroom door and instructed her to open the door while she was using the toilet. Plaintiff states that she was in the process of complying with the command

1

to open the door when that same defendant, without warning, "kicked down the closed restroom door causing it to slam into [her] face."[1] Plaintiff denies doing anything that would justify a deputy to kick in the door and asserts that she was compliant with the deputy's command. Plaintiff explains that she was later diagnosed with a cheekbone fracture. Plaintiff states that she was arrested and charged with Continuous Assault Family Violence, a charge that was later no billed by the grand jury. Plaintiff alleges that she pleaded for medical attention during her transport to the jail, could hardly speak, had limited range of motion and had visible bruising and indentation on her cheek. She complains that the incident report failed to document that the door was kicked in or that she was injured.

Defendants filed a Rule 12(b) Motion to Dismiss, Alternative Motion for Rule 7(a) Reply and Conditional Answer (ECF 11). The conditional answer asserts the affirmative defense of qualified immunity. Defendants seek dismissal pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim based on their assertion of qualified immunity. Alternatively, Defendants assert that Plaintiff should be required to file a Rule 7(a) reply to the qualified immunity defense. It is noted that Defendants' motion asks the Court to consider "matters submitted outside the pleadings, and attached hereto," pursuant to Rule 12(d), but no documents were submitted with the motion.[2]

Defendants present a different version of events than Plaintiff. Defendants submit that a male juvenile first called 911, stating that he saw a female, identified as Plaintiff, hit a male victim, identified as Justin Wichelman, in the face. Wichelman then allegedly called 911 himself soon after that and stated that he locked Plaintiff out of the house. He told the operator that Plaintiff was trying to break down the door. Defendants assert that Deputy Rachel, a former deputy now serving as a DPS officer, responded to the scene. Defendants submit that Deputy Rachel was

---

[1] Plaintiff's Original Complaint, ECF 1, at *5.
[2] Defendants' Rule 12(b) Motion to Dismiss, Alternative Motion for Rule 7(a) Reply and Conditional Answer, ECF 11, at *8.

familiar with the involved parties because he previously arrested them for assault causing bodily injury/family violence in April 2020.  When Deputy Rachel arrived on the scene, he allegedly observed Wichelman inside the residence looking out the window and Plaintiff standing on the west side of the property.  He submits that he ordered Plaintiff to come to him, but she instead ran away and entered the shop building on the property, where she locked herself in the bathroom.  Defendants assert that "[s]he looked out of the bathroom door in the shop building, and after observing the uniformed officers who were asking her to come out of the bathroom, she slammed and locked the bathroom door."[3]  Defendants further contend that they repeatedly asked Plaintiff to come out but she refused.  Defendants submit that "the door was opened by the Deputies" after her continued failure to exit the bathroom, and she was "brought out of the bathroom using soft hand control and placed on the ground on her stomach," where she was patted down and handcuffed.[4]

Defendants state that Wichelman participated in an interview, showed Deputy Rachel scratch marks and red marks on his body and filled out a Notice to Adult Victims of Family Violence form, stating that he felt he would be in danger if Plaintiff was not taken into custody, but ultimately stated he did not want to file charges against Plaintiff.  Defendants allege that they were familiar, at the time of the incident, with Plaintiff's "violent criminal history, including her prior felony conviction, her parole violation after being charged with assault on a public servant, and her subsequent and recent investigations and arrests for assault/family violence," as well as her "probable mental illness."[5]  Defendants assert that Plaintiff was observed during the book-in process at the Henderson County Jail and there were no obvious signs of recent injury.  Defendants

---

[3] *Id*. at *6.
[4] *Id*.
[5] *Id*. at *7.

also submit that Plaintiff self-reported alcohol abuse, mental health medications, and suicidal thoughts, but she did not self-report a physical injury.

In response, Plaintiff asserts that the complaint adequately pleads a claim for excessive use of force. Plaintiff submits that Defendants are improperly asking the Court to make fact findings on a motion to dismiss, instead of taking her allegations as true and making inferences in the light most favorable to her. Plaintiff argues that she properly asserts her claims against each defendant because identifying the defendant who kicked in the door is information peculiarly within Defendants' knowledge that will require discovery. Plaintiff contends that she adequately pled that force was used against her causing bodily injury when she posed no threat to Defendants or others and did not attempt to flee or resist. Plaintiff submits that Defendants are not entitled to qualified immunity because they violated clearly established law "when they kicked down a door slamming it into [her] face when [she] was not fleeing, resisting, or threatening anyone, and was complying with the instructions to open the bathroom door," and these actions were not objectively reasonable.[6]

## Applicable Law

When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic*

---

[6] Plaintiff's Response and Brief in Support to Defendants' Rule 12(b) Motion to Dismiss, Alternatively Motion for Rule 7(a) Reply, and Conditional Answer, ECF 12, at *19.

*Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965–66 n. 5 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## Discussion and Analysis

Defendants seek dismissal based on their asserted defense of qualified immunity. Qualified immunity is intended to shield government officials from liability for monetary damages for acts in the performance of discretionary functions that were objectively reasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738 (1982); *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001). Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985).

A plaintiff seeking to defeat qualified immunity must show that the official violated a statutory or constitutional right and that the right was clearly established at the time of the challenged conduct. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc); *see also*, *McCreary v. Richardson*, 738 F.3d 651, 656 (5th Cir. 2013) (per curiam). To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand

that what he is doing violates that right." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)). In other words, "would it be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201–202, 121 S.Ct. 2151 (2001) (overruled in part by *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808 (2009)). In its discretion, the Court may determine which prong to evaluate first "in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. at 236, 129 S.Ct. at 818.

When a defendant moves for dismissal pursuant to Rule 12(b)(6) on the basis of qualified immunity, the inquiry is whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994–95 (5th Cir. 1995) (overruled on other grounds, *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022)). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id*.

To state a claim for excessive use of force, a § 1983 plaintiff must allege facts that would show: (1) an injury (2) that resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable. *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011). A plaintiff must show that she suffered "at least some injury." *Jackson v. R.E. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). Objective reasonableness is determined by looking at the totality of the circumstances, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [s]he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989).

"Section 1983 claims implicating qualified immunity are subject to the same Rule 8 pleading standard set forth in *Twombly* and *Iqbal* as all other claims; an assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016)). Stated differently, a plaintiff is only required to "plead qualified-immunity facts with the minimal specificity that would satisfy *Twombly* and *Iqbal*." *Id*. At its core, the issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2018).

Here, the complaint alleges that Defendants, during Plaintiff's arrest, unnecessarily used greater force than needed, acting in an objectively unreasonable manner, causing injury. More specifically, Plaintiff alleges that Defendants kicked in the bathroom door, striking her in the face, when she was using the restroom, not threatening anyone or being uncompliant, and not fleeing or resisting. Accepting these facts as true, as required on a motion to dismiss, Plaintiff alleges sufficient facts to state a claim for excessive use of force. The complaint goes further and alleges that Defendants' conduct violated clearly established law.[7] To be clear, Defendants disagree with Plaintiff's version of events. Defendants assert that Plaintiff fled to the bathroom, refused their commands and was not injured. They also appear to call into question whether the door was kicked in or opened. At this stage of the proceedings, however, the issue is whether Plaintiff pleaded a plausible claim for relief, not whether those facts have been proven. The Court does not resolve factual disputes on a motion to dismiss. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661 (1999). The motion to dismiss should be denied.

---

[7] Plaintiff's Original Complaint, ECF 1, at *7–16.

Alternatively, Defendants seek to require a Rule 7(a) reply to the defense of qualified immunity. The Federal Rules of Civil Procedure permit a Court to order a reply to an answer. FED. R. CIV. P. 7(a)(7). A Rule 7(a) reply tailored to the defense of qualified immunity may be needed and useful if the complaint does not sufficiently provide factual allegations with particularity. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). A Rule 7(a) reply should allege with particularity "all material facts" that will establish a right to recovery and include "detailed facts supporting the contention that the plea of immunity cannot be sustained." *Warnock v. Pecos County, Tex.*, 116 F.3d 776, 779 (5th Cir. 1997). The Court's discretion to deny a Rule 7(a) reply is narrow "when greater detail might assist." *Shultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

As previously addressed, the complaint filed by Plaintiff provides detailed factual allegations asserting a violation of her constitutional rights in light of clearly established law. In essence, Defendants submit that Plaintiff's version of events is not true, not that she did not provide enough detail. Defendants rely on a recent case in this district for the proposition that a Rule 7(a) reply is warranted when the parties offer substantially different versions of the events. *See Tarver v. Denton*, 2022 WL 4665897 (E.D.Tex. Sept. 30, 2022). In *Tarver*, however, the Court noted that the defendants offered significantly more detail concerning what occurred than the plaintiff. *Id*. at *3. Here, both parties provide significant details. The factual details alleged by the parties are simply different. The only detail Plaintiff could not identify is which officer allegedly kicked in the door. As she asserts, that is a fact that would be uniquely known to Defendants prior to discovery. A plaintiff is not required to identify the individual conduct attributable to each officer to survive a motion to dismiss based on qualified immunity. *See Khansari v. City of Houston*, 14 F.Supp.3d 842 (S.D.Tex. Apr. 9, 2014). Defendants have not shown that greater detail from Plaintiff would be helpful.

## Conclusion

For all of these reasons, the motion to dismiss and alternative motion for a Rule 7(a) reply should be denied.

## RECOMMENDATION

It is accordingly recommended that Defendants' Rule 12(b) Motion to Dismiss, Alternative Motion for Rule 7(a) Reply (ECF 11) be denied.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 24th day of February, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE